EDWARD A. RUTTENBERG (State Bar No. 67378)
EVA S. NEUBERG (State Bar No. 252192)
LEOPOLD, PETRICH & SMITH, P.C.
2049 Century Park East, Suite 3110
Los Angeles, California 90067-3274
Tel: (310) 277-3333 • Fax: (310) 277-7444
E-Mail: eruttenberg@lpsla.com

Attorneys for Plaintiff
THE FILM ARCADE, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DISTRICT**

| | |
|---|---|
| THE FILM ARCADE, LLC, a California limited liability company<br><br>Plaintiff,<br><br>v.<br><br>TEMPLAR BUSINESS CREDIT, LLC, a California limited liability company, and INCEPTION MEDIA GROUP, LLC, a California Foreign limited liability company,<br><br>Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DECLARATORY RELIEF AS TO RIGHTS TO COPYRIGHT ASSETS**<br><br>**[1976 COPYRIGHT ACT, 17 U.S.C. §101 *ET. SEQ.*]** |

Plaintiff THE FILM ARCADE, LLC ("Plaintiff"), by and through its attorneys of record, complains against defendants TEMPLAR BUSINESS CREDIT, LLC ("Templar") and INCEPTION MEDIA GROUP, LLC ("IMG") as follows:

## JURISDICTION AND VENUE

1. This is a civil action for declaratory relief brought under 28 U.S.C. §2201(a) with regard to an actual controversy between Plaintiff and Defendants with regard to the rights of Plaintiff, on the one hand, and Defendant Templar, on the other hand, to copyright assets held by Defendant IMG under the federal Copyright Act (17 U.S.C. 101 *et seq*.).

2. This Court has subject-matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101 *et. seq.* (Copyright Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1338 (regarding federal copyrights) and 28 U.S.C. § 2201 (declaratory judgment).

3. Defendants are subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) in that the actual controversy involves rights to copyright assets paid by third parties to Defendant IMG in this District and the fact that all parties to this action are doing business in this District.

## PARTIES

4. Plaintiff is a California limited liability company with its principal place of business in the Central District of California.

5. Plaintiff is informed and believes and based thereon alleges that Defendant IMG was at all relevant times a California limited liability company with its principal place of business in the Central District of California.

6. Plaintiff is informed and believes and based thereon alleges that Defendant Templar was at all relevant times a California Foreign limited liability company doing business in the Central District of California.

## **BACKGROUND FACTS**

7. Plaintiff is engaged, among other things, in the investment and production of motion pictures.

8. Plaintiff is informed and believes and based thereon alleges that Defendant IMG is and at all relevant times was a distributor of motion pictures under various agreements with motion picture producers, one of which was with Plaintiff. Under these agreements, Defendant IMG acquired copyright interests in the motion pictures subject to such agreements, exercised its copyright interests in such motion pictures, and realized monetary payments from its exercise of such copyright interests.

9. Plaintiff is informed and believes and based thereon alleges that Defendant Templar is in the business of providing working capital to companies in the entertainment industry, including distributors of motion pictures.

10. On or about February 23, 2017, in the action denominated Plaintiff The Film Arcade, LLC v. Defendant Inception Media Group, LLC et al., filed in the Los Angeles Superior Court and bearing Case No. BC 165 757, Plaintiff obtained a judgment against Defendant IMG in the amount of $249,793.11, which judgment remains wholly unsatisfied (the "Judgment"). The Judgment related to monies owed by Defendant IMG to Plaintiff pursuant to an Acquisition/Distribution Agreement between them dated as of February 15, 2013, in which Plaintiff granted Defendant

IMG certain copyright interests in its motion picture Spinning Plates, to wit, the right to distribute such motion picture in the United States and its territories.

11. After obtaining the Judgment against Defendant IMG, Plaintiff filed notices of liens with the United States Copyright Office against more than 200 motion pictures in which Defendant IMG, according to its own literature, holds copyright interests, most frequently, distribution rights (hereafter the "IMG Films").

12. After obtaining its Judgment against Defendant IMG, Plaintiff also levied execution against several companies to which Defendant IMG had sublicensed distribution rights in one or more IMG Films, which companies owed monies from their sub-distribution of such IMG Films to Defendant IMG (hereafter "IMG's Copyright Assets"), and the Los Angeles County Sheriff has begun collection of such monies from such companies.

13. On or shortly after April 12, 2017, Plaintiff was notified by Defendant Templar that Defendant IMG was also indebted to it in an amount that it later advised was in excess of $200,000 (and exceeded the total assets of Defendant IMG of which Defendant Templar was aware). Further, Defendant Templar alleged that its claim against Defendant IMG had supposedly been "perfected" and was therefore entitled to priority as to all monies to which Defendant IMG was entitled, including all of its Copyright Assets. Based on such allegations, Defendant Templar demanded that Plaintiff release its liens directed to companies holding IMG's Copyright Assets.

14. Defendant Templar has acknowledged to Plaintiff that Defendant Templar has not filed any notices of liens with the United States Copyright Office relating to any of the IMG Films, and that its claim to priority as to IMG's Copyright

Assets rests solely on its filing of a UCC-1 Financing Statement with the state of California.

**DECLARATORY RELIEF CLAIM RE ENTITLEMENT TO IMG'S COPYRIGHT ASSETS.**

15. An actual controversy has arisen and now exists between Plaintiff and Defendants with regard to their respective rights to IMG's Copyright Assets in that Defendants contend that Defendant Templar's filing of a UCC-1 Financing Statement with the state of California perfected its interest in IMG's Copyright Assets, and thereby entitles Defendant Templar to priority thereto, whereas Plaintiff disputes such claim, and contends that, with regard to IMG's Copyright Assets, Defendant Templar's UCC filing did not perfect its interest therein, which is determined and controlled by federal Copyright Law, such that Plaintiff's filing of its notices of liens on IMG's Copyright Assets with the United States Copyright Office entitles it to priority with regard to the collection thereof.

16. Plaintiff desires a judicial determination of its rights with regard to IMG's Copyright Assets, and specifically a declaration that, as to IMG's Copyright Assets, it holds priority over Defendant Templar's claim thereto based solely on Templar's UCC filing with the state of California.

17. A judicial declaration is necessary and appropriate at this time under the circumstances, before IMG's Copyright Assets are disbursed and lost to Plaintiff's possible collection of them, in order that Plaintiff may ascertain its rights with regard thereto. Moreover, the information that Plaintiff was provided by Defendant Templar makes clear that the total amount of Defendant IMG's present assets, including its Copyright Assets, are sufficient only to cover either its obligation to Plaintiff or its

obligation to Defendant Templar, but not both. Unless this controversy is resolved now, while IMG's Copyright Assets remain in the possession of the companies holding them that are the subject of Plaintiff's levy (or in possession of the Los Angeles County Sheriff), Plaintiff's ability to satisfy its large judgment against Defendant IMG will be severely impaired to Plaintiff's great damage in an amount exceeding $250,000.

WHEREFORE, Plaintiff prays for judgment as follows:

(1) For a declaration that its liens against IMG's Copyright Assets, based on its filing of its liens with the United States Copyright Office, has priority over Templar's lien based solely on its UCC filing with the state of California;

(2) For its costs of suit and reasonable attorneys' fees incurred herein; and

(3) For such other and further relief as the Court may deem proper.

DATED: June 9, 2017

EDWARD A. RUTTENBERG
EVA S. NEUBERG
LEOPOLD, PETRICH & SMITH, P.C.
Attorneys for Plaintiff
THE FILM ARCADE, LLC